# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOHN DAVID COE**  **PLAINTIFF**
**ADC #652804**

v.　　　　　　　No: 4:23-cv-00139-JM-PSH

**DEXTER PAYNE,** *et al.*　　　　　　　**DEFENDANTS**

## ORDER

Plaintiff John David Coe filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 17, 2023, while incarcerated at the Arkansas Division of Correction's Wrightsville Unit (Doc. No. 2). After being directed to either pay the complete filing and administrative fees of $402 or submit a complete application for leave to proceed *in forma pauperis,* Coe paid the fees in full (Doc. No. 5).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Coe is directed to amend his complaint to clarify his claims for the following reasons.

First, Coe sues ADC Director Dexter Payne and Wrightsville Unit Warden DeAngelo Earl. Doc. No. 2 at 4. But he does not describe how they were personally

involved in any violation of his rights. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). And to state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

Second, Coe has not set forth sufficient facts to describe an Eighth Amendment failure-to-protect claim. Rather, he alleges that other inmates have threatened him, he feels unsafe in general population, and wants to be transferred to another prison. Doc. No. 2. An inmate has a constitutional right to be free from attacks by other inmates. *See Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994). To succeed on a failure-to-protect claim, May must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that

risk. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Circuit Court of Appeals has recognized that prison officials are entitled to qualified immunity when an inmate is attacked by surprise. *See Schoelch v. Mitchell*, 625 F.3d 1041, 1047-49 (8th Cir. 2010).

Finally, to the extent Coe implies he was retaliated against for refusing to move back to his barracks, he has not described sufficient facts to state a First Amendment retaliation claim. To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam).

Coe is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be

allowed to proceed. In the event Coe fails to file an amended complaint conforming to this order within 30 days, this case may be dismissed. The Clerk of Court is directed to send a blank § 1983 complaint form to Coe.

IT IS SO ORDERED this 8th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE